# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RODNEY WALKER, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 18-11012 (RBK) |
| | : | |
| v. | : | |
| | : | |
| RUTGERS BIOMEDICAL HEALTH SCIENCES, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Rodney Walker, is a state prisoner. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court granted plaintiff's application to proceed *in forma pauperis*.

This Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether it seeks monetary relief from a defendant who is immune from suit. For the following reasons, plaintiff's federal claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted and this Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims. Additionally, plaintiff's motion for the appointment of pro bono counsel will be denied.

## II. BACKGROUND

The allegations of the complaint must be construed as true for purposes of this screening opinion. The complaint names the following defendants: (1) Rutgers Biomedical Health

Sciences; and (2) South Woods Min. Unit Medical Department; and (3) Jennifer Farestad; and Jane Doe.[1]

Plaintiff alleges that in November, 2017, he was incarcerated at South Woods State Prison ("SWSP"). He submitted a medical slip at that time because he was not feeling well. He was called-in two days later. A nurse asked plaintiff some questions and checked his sugar. Thereafter, she sent plaintiff to a hospital emergency room. Plaintiff was placed in I.C.U. A doctor told plaintiff he was lucky he had put in a medical slip because he could have died or gone into a diabetic coma if he had not.

Plaintiff states the entire reason these events occurred was because of the negligence of the medical department at ("SWSP"), and specifically Jennifer Farestad and Jane Doe. According to plaintiff, he was not seen for chronic care visits for nine months. This caused him to develop diabetes.

Once plaintiff was returned to SWSP, he was placed into emergency care for two weeks. He had to take five shots a day.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

---

[1] Plaintiff does not name Farestad or Doe in the caption of his complaint. However, this Court presumes plaintiff seeks to sue them as well given that he mentions them in the body of his complaint.

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.     DISCUSSION

This Court construes plaintiff as attempting to assert an Eighth Amendment claim against the defendants.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner

> from receiving needed or recommended treatment." *Rouse*, 182
> F.3d at 197. Deference is given to prison medical authorities in the
> diagnosis and treatment of patients, and courts "disavow any
> attempt to second-guess the propriety or adequacy of a particular
> course of treatment ... (which) remains a question of sound
> professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,
> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551
> F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or
> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious mat a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

In this case, plaintiff has failed to adequately allege an Eighth Amendment claim against the defendants for being deliberately indifferent to his serious medical needs. Plaintiff alludes to not being treated for nine months prior to his November, 2017 medical slip, but he does not allege that he was diagnosed with any type of ailment or that his ailment was so obvious that it would have easily been recognized as one that is requiring treatment. Instead, upon being seen in November, 2017, plaintiff received treatment.

It is true that plaintiff alludes to "not being seen for [his] chronic care visits for approximately nine months." (ECF No. 1 at 4). However, plaintiff does not allege why chronic care visits were purportedly ordered in the first place (i.e., a diagnosis of high blood sugar requiring monitoring, etc.), such that he does not allege that these defendants were deliberately

5

indifferent to his serious medical needs during this nine-month period. Indeed, plaintiff states that his current condition is due to "negligence." Nonetheless, negligence on the part of the defendants is insufficient to support an Eighth Amendment deliberate indifference claim. *See Castro v. United States*, 448 F. App'x 167, 169 (3d Cir. 2011) (citing *Rouse*, 182 F.3d at 197).

Additionally, it is worth noting that plaintiff fails to allege the personal involvement of defendants Farestad and Doe. Indeed, "[l]iaiblity cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). The complaint is silent as to Farestad and Doe's personal involvement in the treatment, or lack thereof, of plaintiff.

Thus, plaintiff's federal claims against the defendants will be dismissed without prejudice for failure to properly allege a deliberate indifference to his serious medical needs claim.

Plaintiff also asserts state law claims against the defendants. Because this Court has dismissed the federal claims, the remaining basis for this Court's jurisdiction over plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). This Court will exercise that discretion to decline supplemental jurisdiction over plaintiff's state law claims at this time.

## V. MOTION TO APPOINT PRO BONO COUNSEL

Plaintiff has also filed a motion for the appointment of pro bono counsel. (*See* ECF No. 5). Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit

in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n. 5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham*, 126 F.3d at 457.

Plaintiff's motion for the appointment of counsel will be denied without prejudice. He has failed to state a federal claim against any of the defendants and this Court has declined to exercise supplemental jurisdiction over his state law claims. Therefore, dismissing his motion for the appointment of counsel is warranted at this time as plaintiff has not shown that his federal claims have merit.

## VI. CONCLUSION

For the foregoing reasons, plaintiff's federal claims in his complaint are dismissed without prejudice for failure to state a claim upon which relief may be granted. This Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff shall have thirty days from the date of this opinion and order in which to submit a proposed amended complaint that corrects the deficiencies of his original complaint as stated in this opinion should he elect to do so. An appropriate order will be entered.


DATED:  March 26, 2019                                s/Robert B. Kugler_____
                                                      ROBERT B. KUGLER
                                                      United States District Judge